## IN THE

# SUPREME COURT

### OF

# OREGON.

Argued June 18, affirmed July 1, 1919.

## WADE v. MARTIN.

(181 Pac. 988.)

**Partnership—Silent Partner—Evidence.**

1. Plaintiff, in action for half of the expenses of an option taken in his name, *held* to have failed to establish by a preponderance of the evidence that defendant was a silent partner in the transaction.

[As to specific performance of optional contracts, see note in Ann. Cas. 1913A, 362.]

From Multnomah: ROBERT G. MORROW, Judge.

Department 2.

For his cause of action plaintiff alleges that about January 1, 1910, he entered into an agreement with the defendant by which the plaintiff was to procure an option to purchase a tract of land of about 917 acres in Wallowa County, from one Ewing; that such option when obtained should be taken in the name of the plaintiff only, but that the defendant should have an equal interest therein with the plaintiff, and each should bear one half of the expenses and should share equally in any proceeds realized under the option.

Pursuant to said agreement plaintiff did procure an option for a period of five years from January 3, 1910, and plaintiff took and accepted said option under the express stipulation that the defendant was in all things equally interested therein with himself. The purchase price of the land was $25 per acre, and the option provided that in consideration thereof the plaintiff should pay $150 per year for the first three years and $250 for each of the last two years of the term of the option and that such payments should be evidenced by a promissory note to be executed on January 3d of each year. On January 3, 1910, pursuant to the terms of the option, the plaintiff executed in favor of Ewing the first $150 note, to become due and payable January 3, 1911. The complaint alleges that on or about its maturity the plaintiff paid that note and, according to the terms of the agreement between them the defendant paid him one half of the amount thereof; that about January 3, 1911, the plaintiff executed to Ewing the second promissory note for $150, which became due one year from that date and which he paid at maturity, and that as before the defendant reimbursed the plaintiff for one half the amount of the note.

It is averred that about January 1, 1912, Ewing sold and conveyed the land to Fargo and Baker; that for failure to execute and pay the third promissory note for $150 they commenced an action against the plaintiff to recover that amount; that after a contest they recovered judgment for $150 and costs, and that the defendant paid to the plaintiff one half of that amount. The plaintiff further avers that thereafter Fargo and Baker commenced an action against him to recover upon the fourth and fifth yearly payments of $250 each provided for in the option; that he and the defendant

mutually employed counsel to defend, and contested the action; that the defendant agreed to pay plaintiff one half of the expense thereof; that a judgment was finally entered against the plaintiff for the full amount prayed for, which plaintiff paid in full; that the defendant promised and agreed to repay the plaintiff one half of the final judgment of $804.88, and that the latter has demanded and defendant has refused payment. The plaintiff asks judgment for the amount with accrued interest.

In his answer the defendant denies each material allegation of the complaint and avers that without consideration, and as an accommodation only, he signed the first promissory note for $150. The plaintiff's reply denied the new matter of the answer and by stipulation the case was tried without a jury.

When the plaintiff rested his case the defendant filed a motion for nonsuit, which was overruled. The defendant introduced his evidence and after all the testimony was taken, again moved the court for judgment of nonsuit upon the grounds: First, that the proof was insufficient; and second, that the alleged transaction was a partnership for which a recovery could not be had in an action at law, as ''the only remedy of the one partner who claims to have made disbursements on behalf of the firm is that of an accounting in equity.''

The case was taken under advisement by the court, which without making any findings of fact or conclusions of law rendered a judgment ''that the motion of defendant for an involuntary nonsuit should have been allowed, and it is now hereby adjudged that plaintiff take nothing herein; that defendant go hence without day,'' and that he have judgment for costs. The plaintiff appeals.                     AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Conrad P. Olson.*

For respondent there was a brief over the names of *Mr. Charles A. Hart* and *Mr. W. H. Fowler,* with an oral argument by *Mr. Hart.*

JOHNS, J.—1. Under our view of this case, it will not be necessary to decide the legal questions ably presented by opposing attorneys. As the material allegations of the complaint were denied by the defendant, it devolved upon the plaintiff to establish them by a preponderance of the evidence. One of these allegations was that the defendant was a "silent partner" of the plaintiff in the Ewing contract and that for value he had promised and agreed with the plaintiff that he would pay one half of the latter's liability under that contract and his own share of the expense arising therefrom.

The case is peculiar and the alleged contract is founded upon parol testimony only. The plaintiff's testimony sustains the allegations of the complaint, but is flatly contradicted by that of the defendant. The testimony of Mr. Lomax, who was formerly his attorney, tends to corroborate the plaintiff, and the evidence of Mr. Fowler, formerly of counsel for the defendant, tends to substantiate the latter's testimony. There is a sharp conflict in the effect of the testimony of the two attorneys and it is very apparent that as between the plaintiff and the defendant one of them is not telling the truth. There is much of the evidence that sustains the theory of either litigant, but after a careful reading of all the record once and a large portion of it the second time, we are impressed with the direct, clear and positive testimony of the defendant.

There is another feature of the evidence to which we attach importance. During the trial of the case of Fargo and Baker to recover from this plaintiff upon one of the notes which he executed under the Ewing contract, at the instance of counsel the court took a recess. At that time Fargo and Baker as plaintiffs were represented by Hart and Fowler, who are now attorneys for the defendant in this action, and Wade, the plaintiff here, as defendant in that action was represented by Lomax as his attorney. Martin, the defendant in the present action, was in court as a witness at the trial of that cause. During the adjournment there was a conference between the litigants in that case and their respective attorneys for the purpose of arriving at a final settlement of all matters then in dispute between them. This occurred in a room connecting with and adjoining the courtroom where the trial was had. A general discussion ensued and different memorandum contracts were prepared by the respective attorneys, one of which was that in lieu of the Ewing option at a price of $25 per acre the plaintiff here should purchase the lands at an agreed price of $20 per acre. All of these negotiations consumed more than an hour and there is no claim or pretense that the defendant Martin was present at any time or that he was then consulted, yet he was close at hand in an adjoining room.

Counsel for the plaintiff contends that the defendant was not consulted for the reason that he was only a "silent partner." This was more than three years after the alleged secret agreement between them and there is nothing in the record which tends to show that the plaintiff and the defendant had ever conferred about or discussed the subject matter of the proposed

agreement at any previous time, yet if the defendant was a "silent partner" it was an important matter to him and if consummated the plaintiff would have become the sole purchaser of nine hundred acres of land at a price reduced five dollars per acre below that of the Ewing option, and the option would have been wiped out and merged in the purchase. This is strong evidence that the defendant was not a "silent partner" in the Ewing contract. It is also significant that during the period of more than seven years of the alleged silent partnership there is no written evidence of its existence.

While some of the testimony is contradictory and there is a direct conflict between that of the plaintiff and that of the defendant, as we analyze it the plaintiff has failed to establish his case by a preponderance of the evidence.

The judgment is affirmed. AFFIRMED.

McBRIDE, C. J., and BEAN and BENNETT, JJ., concur.